# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-1445V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| JEREMY ADAMS, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: September 30, 2025 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*John J. Patterson*, Luxon, Patterson & Himes, PLLC, Richmond, KY, for Petitioner.

*Tyler King*, U.S. Dep't of Justice, Washington, DC, for Petitioner.

## DECISION DISMISSING PETITION[1]

On September 20, 2019, Jeremy Adams filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that an influenza ("flu") vaccine he received on October 3, 2018, caused "adverse effects," including "symptoms of pain and abscesses." *See generally* Petition (ECF No. 1). After a careful review of the entirety of the parties' submissions, I issued a Ruling on Entitlement in favor of Petitioner. *See* Ruling, dated July 22, 2025 (ECF No. 53).

I subsequently ordered the parties to attempt to resolve damages—but before that process was completed, Petitioner's counsel represented that Mr. Adams wished to file a motion to dismiss his claim (apparently because he anticipated not being awarded the sum of damages he believes appropriate for his injury), and such a motion has now been filed. *See* Motion, dated Sept. 25, 2025

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

(ECF No. 56) ("Mot."). The Motion confirms that Petitioner has been advised that a decision dismissing the petition will be "with prejudice," and result in a judgment against him, and that such a judgment will end all his rights in the Vaccine Program with regard to this specific claim arising from his October 3, 2018, flu vaccine. Mot. at 1. Petitioner intends to elect to reject the judgment against him and instead elect to file a civil action. *Id.*

Under Vaccine Rule 21(b)(1), a petitioner may request a decision dismissing a petition, even after preparation of Respondent's Rule 4(c) Report (and here, even after a favorable entitlement decision). Under such circumstances, the decision will result in a judgment, although the dismissal will be with prejudice (unless otherwise indicated). Rule 21(b)(1) and (2). Here, I find such a decision appropriate. Petitioner has affirmatively represented that he prefers to no longer proceed with his claim, despite the entitlement determination.

Accordingly, I hereby **DISMISS** the Petition with prejudice. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[3]

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.