# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 19-1445V

* * * * * * * * * * * * * * * * * * * * * * * * *
JEREMY ADAMS, *
Petitioner, *
v. *
SECRETARY OF HEALTH AND HUMAN SERVICES, *
Respondent. *
* * * * * * * * * * * * * * * * * * * * * * * * *

Chief Special Master Corcoran

Filed: September 9, 2026

*John J. Patterson*, Luxon, Patterson & Himes, PLLC, Richmond, KY, for Petitioner.

*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION GRANTING FINAL AWARD OF ATTORNEYS' FEES AND COSTS**[1]

On September 20, 2019, Jeremy Adams filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that an influenza ("flu") vaccine administered to him on October 3, 2018, caused him to experience an abscess injury at the injection site. *See generally* Petition (ECF No. 1). The issue presented in this case (and the other parallel claims stemming from the same general vaccination event) was a novel one (involving whether the nature of the injury, in light of its likely proximate cause, was at all compensable in the Vaccine Program).[3] After a careful review of the entirety of the parties'

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

[3] I offered to resolve entitlement in one as a "test case" from which the result could be applied to the other, related cases. The parties consented to this, and on April 25, 2024, I ruled in favor of the petitioner in the case, finding that the administration of the flu vaccine had caused him to experience a right should skin abscess associated with a bacterial infection. *See Silvers v. Sec'y of Health & Hum. Servs.*, No. 20-1V, 2024 WL 2799285 (Fed. Cl. Spec. Mstr.

submissions, I issued a Ruling on Entitlement in favor of Petitioner. Before the parties could resolve the issue of damages, however, Petitioner requested dismissal (apparently because he anticipated not being awarded the sum of damages he believes appropriate for his injury), and that motion was granted. *See* Decision Dismissing Petition, filed Sept. 30, 2025 (ECF No. 57).

Petitioner has now filed a motion for a final award of attorney's fees and costs. *See* Motion, dated Apr. 22, 2026 (ECF No. 61) ("Mot."). This is Petitioner's sole fees and costs request. Petitioner requests a total of $47,925.00 ($47,525.00 in fees, plus $400.00 in costs) for the work of attorney Jud Patterson and his paralegal. Mot. at 1. Respondent reacted to the fees requests on May 4, 2026. *See* Response, dated May 4, 2026 (ECF No. 62) ("Resp."). Respondent defers to my discretion as to whether the statutory requirements for a fees and costs award are met herein, and if so, the calculation of the amount to be awarded. Resp. at 2, 4. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$47,925.00**.

## ANALYSIS

### I. Calculation of Fees

Despite ultimately opting to terminate his claim, Petitioner was still "successful" in obtaining a favorable entitlement ruling (as well as prevailing on the underlying issue of whether an abscess injury attributable to third-party conduct in vaccine administration could be compensated). This means he is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348

Apr. 25, 2024); *Stastny v. Sec'y of Health & Hum. Servs.*, No. 20-22V, 2024 WL 5297982 (Fed. Cl. Spec. Mstr. Nov. 20, 2024); *Atkins v. Sec'y of Health & Hum. Servs.*, No. 20-333V, 2025 WL 546859 (Fed. Cl. Spec. Mstr. Jan. 13, 2025); *Williams v. Sec'y of Health & Hum. Servs.*, No. 20-1120V, 2025 WL 1235067 (Fed. Cl. Spec. Mstr. Mar. 31, 2025).

(citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015V WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney and support staff, based on the years work was performed:

| | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|---|---|---|---|
| **Jud Patterson (Attorney)** | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 | $500.00 |
| **Paralegals** | $200.00 | $200.00 | $200.00 | $200.00 | -- | -- | -- | -- |

ECF No. 61-1 at 1–5; ECF No. 61-2 at 1.

I previously determined in a parallel case that Mr. Patterson's requested fees were reasonable and modest under the circumstances. *See Lykins v. Sec'y of Health & Hum. Servs.*, No. 19-1444V, 2026 WL 2333662, at *3 (Fed. Cl. Spec. Mstr. July 16, 2026). I shall award the requested rates without an extensive evaluation of what rate would be proper (as well as without finding that counsel's rate should be considered "in forum"). And although the total amount requested herein is higher than what was sought in the parallel cases,[4] I nevertheless find it similarly reasonable.

## II. Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

[4] This appears attributable to the fact that work performed in this matter was associated with all of the parallel cases, and/or was occasioned by briefing in the *Silvers* case.

Petitioner seeks $400.00 in outstanding costs—essentially the Court's filing fee. Such a cost is typical in Program cases and was reasonably incurred herein. Therefore, it will be awarded in full.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety. Petitioner is award a total amount of **$47,925.00**, reflecting $47,525.00 in attorney's fees, plus $400.00 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED**.

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.